UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CONTRACTUAL OBLIGATION                  :
PRODUCTIONS, LLC,
                                        :
            Plaintiff,                  :      04 Civ. 2867 (BSJ)(HBP)
                                        :
      -against-
                                        :      MEMORANDUM OPINION
AMC NETWORKS, INC., <u>et</u> <u>al</u>.,          <u>AND ORDER</u>
                                        :
            Defendants.
                                        :
----------------------------------X


            PITMAN, United States Magistrate Judge:


I.    <u>Introduction</u>


            By notice of motion dated June 14, 2005 (Docket Item

13), plaintiff moves pursuant to Rule 15 of the Federal Rules of

Civil Procedure for leave to file an amended complaint.

Plaintiff seeks to amend its complaint to add the following

parties as defendants:  American Movie Classics Company LLC

("AMCC"), Curious Holdings LLC ("Curious"), Cuppa Coffee, Inc.

and Cuppa Coffee LLC (collectively "Cuppa Coffee"), as well as

Moving Parts Productions, Inc. ("Moving Parts") (collectively the

"Prospective Defendants").  In addition, plaintiff requests that

the following entities be "dropped as defendants without preju-

dice" from the original complaint:  AMC Network, Inc., Blueprint

Entertainment (USA), Inc., AMCC, Inc., Curious Pictures, Cuppa

Coffee and Moving Parts Productions.

By Order dated February 8, 2005 (Docket Item 11), I dismissed the original complaint with respect to defendants AMC Network, Inc., AMCC, Inc., American Movie Classics Holding Corporation, Inc., Blueprint Entertainment (USA), Inc., and Curious Pictures, finding that the summons and complaint had not been properly served on these entities. By Order dated May 9, 2005 (Docket Item 12), I also dismissed the original complaint with respect to defendants Cuppa Coffee and Moving Parts Productions for failure to serve the summons and complaint in the manner required by Fed.R.Civ.P. 4. Accordingly, all of the defendants that plaintiff requests be "dropped as defendants without prejudice" have already been dismissed from this action through the above-referenced Orders.

For the reasons set forth below, plaintiff's motion is granted to the extent that plaintiff seeks to assert claims against the Prospective Defendant AMCC for breach of contract, promissory estoppel, quantum meruit and quasi-contract (collectively, Count Two). With respect to plaintiff's claims for common law fraud (Count Four), intentional interference with contract (Count Six) and slander (Count Seven), plaintiff's motion is denied without prejudice. Finally, plaintiff's motion is denied with prejudice with respect to its claims for copyright infringement (Count One), violation of the Lanham Act (Count

Three) and for unfair business practices pursuant to the California Business and Professions Code §§ 17200 et seq. (Count Five).

II. Analysis

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997), citing Foman v. Davis, supra, 371 U.S. at 182; see also Mackensworth v. S.S. American Merchant, 28 F.3d 246, 251 (2d Cir. 1994) ("[V]alid reasons for denying leave to amend include undue delay, bad faith or futility of the amendment."); Montefiore Med. Ctr. v. Am. Prot. Ins. Co., 00 Civ. 3235 (LTS), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003) (same); Am. Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997) (same). Accord Ellis v. Chao, 336 F.3d 114, 126-27 (2d Cir. 2003) ("[I]t is well estab-

lished that leave to amend a complaint need not be granted when amendment would be futile."); Jones v. New York State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) (same); Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995) (same).

A proposed amended complaint is futile when it fails to state a claim. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim."); Prudential Ins. Co. of Am. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987) (same); accord 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1487 at 643 (2d ed. 1990) ("[C]ourts have held that if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile."). Therefore, if the complaint, as amended, "would be subject to dismissal under Fed.R.Civ.P. 12(b)(6), the court should refuse to grant leave to amend rather than assent and then await a motion to dismiss." Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., supra, 404 F.3d at 604, (internal quotation marks omitted); Nettis v. Levitt, 241 F.3d 186, 194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss."); Credit Suisse First Boston, LLC v. Intershop Communi-

4

cations AG, 407 F. Supp.2d 541, 545-46 (S.D.N.Y. 2006) (same);
Journal Publ'g Co. v. Am. Home Assurance Co., 771 F. Supp. 632,
635 (S.D.N.Y. 1991) (same).

Accordingly, "[c]onsistent with the appropriate stan-
dards for a motion to dismiss, the Court must accept as true all
factual allegations in the [amended] complaint and draw infer-
ences from these allegations in the light most favorable to the
plaintiff." Senich v. American-Republican, Inc., 215 F.R.D. 40,
41-42 (D. Conn. 2003); accord Henneberry v. Sumitomo Corp. of
America, 04 Civ. 2128 (PKL), 2006 WL 416395 at *4 (S.D.N.Y. Feb.
22, 2006) ("The Court will review the amended complaint through
the prism of a Rule 12(b)(6) analysis and, consequently, accept
as true all of the proposed complaint's factual allegations, and
draw all reasonable inferences in favor of plaintiff."). Accord
Conley v. Gibson, 355 U.S. 41, 46 (1957) (setting forth the well-
settled standard for Rule 12(b)(6) motions to dismiss); Le
Prevost v. New York, 03 Civ. 2544 (CBM), 2004 WL 32860 at *3
(S.D.N.Y. Jan. 6, 2004) ("'Futility' is a valid reason for
denying a motion to amend only where it is 'beyond doubt that the
plaintiff can prove no set of facts in support' of his amended
claims.'"), quoting Pangburn v. Culbertson, 200 F.3d 65, 70-71
(2d Cir. 1999); Chimarev v. TD Waterhouse Investor Servs., Inc.
233 F. Supp.2d 615, 617 (S.D.N.Y. 2002) ("A proposed claim is

futile only if it is clearly frivolous or legally insufficient on its face.").

The Court of Appeals has repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. <u>Baker v. Dorfman</u>, 239 F.3d 415, 427 (2d Cir. 2000), <u>citing</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983) (<u>per curiam</u>); <u>see</u> <u>also</u> <u>Local 802, Associated Musicians v. Parker Meridien Hotel</u>, 145 F.3d 85, 89 (2d Cir. 1998); <u>Krumme v. West-Point Stevens Inc.</u>, 143 F.3d 71, 88 (2d Cir. 1998).

Plaintiff's original complaint asserts the following seven claims: (1) copyright infringement (Compl. ¶¶ 111-13), (2) breach of contract, quasi-contract, quantum meruit and promissory estoppel (Compl. ¶¶ 114-23), (3) trademark infringement (Compl. ¶¶ 124-31), (4) fraud (Compl. ¶¶ 132-38), (5) unfair business practices in violation of California Business and Professions Code §§ 17200 <u>et</u> <u>seq</u>. (Compl. ¶¶ 139-48), (6) intentional inter-ference with business relations (Compl. ¶¶ 149-51), and (7) slander (Compl. ¶¶ 152-57). Plaintiff does not seek to amend the allegations or substantive claims raised its original complaint. Rather, plaintiff seeks only to amend the complaint so as to add the Prospective Defendants. Defendants argue that none of plaintiff's claims can succeed against any of the Prospective Defendants and, therefore, plaintiff's motion should be denied as futile (Defendant's Memorandum of Law in Opposition to Plain-

tiff's Motion for Leave to File and Amended Complaint, dated July
12, 2005 ("Def. Mem."), at 1-3, 8-9).

In support of their futility arguments, the Prospective
Defendants rely heavily on materials outside of the pleadings
(see Declaration of Brain Socolow, Esq. in Opposition to Plain-
tiff's Motion for Leave to File and Amended Complaint, dated July
12, 2005 ("Socolow Decl."); Docket Item 20).  However, such
extrinsic material is, generally, not properly considered on a
motion to amend.  As with a motion to dismiss under Fed.R.Civ.P
12(b)(6), see Hayden v. County of Nassau, 180 F.3d 42, 54 (2d
Cir. 1999), in making futility determinations, the court must
limit itself to the allegations in the complaint, as well as to
any documents attached to the complaint as exhibits or incorpo-
rated by reference.  See Journal Publ'g Co. v. Am. Home Assurance
Co., supra, 771 F. Supp. at 635 ("Defendants' contention that the
proposed amendments are futile is based largely on factual
arguments going to the merits of plaintiffs' claims.  However, .
. . it is axiomatic that a court may not look beyond the face of
the complaint on a motion to dismiss for failure to state a
claim.").  Accord Permatex, Inc. v. Loctite Corp., 03 Civ. 943
(LAK)(GWG), 2004 WL 1354253 at *3 (S.D.N.Y. June 17, 2004)
(explaining that "materials outside of the pleadings . . . cannot
be considered on a motion for leave to amend"); see also
ResQNET.Com, Inc. v. Lansa, Inc., 382 F. Supp.2d 424, 452

7

(S.D.N.Y. 2005); Cecilio v. Kang, 02 Civ. 10010 (LAK)(GWG), 2004
WL 2035336 at *17 (S.D.N.Y. Sept. 14, 2004) (Report & Recommenda-
tion); DiPace v. Goord, 308 F. Supp.2d 274, 278 (S.D.N.Y. 2004);
Brezel v. Deloitte & Touche, LLP, 03 Civ. 1540 (RMB), 2004 WL
253284 at *1-*2 (S.D.N.Y. Feb. 10, 2004); Too, Inc. v. Kohl's
Department Stores, Inc., 210 F. Supp.2d 402, 404-05 (S.D.N.Y.
2002).  However, documents that are "integral to the complaint,"
whereby the complaint "relies heavily upon [their] terms and
effect," may also properly be considered.  See Chambers v. Time
Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Int'l
Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72
(2d Cir. 1995); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d
42, 47-48 (2d Cir. 1991).

A.   Plaintiff's Copyright Infringement Claim

Defendants first argue that plaintiff's copyright
infringement claim is futile (Def. Mem. at 9-11).  In support of
their argument, defendants cite the Order of the Honorable Percy
Anderson, United States District Judge for the Central District
of California, which denied plaintiff's motion for a preliminary
injunction and found that the television production at issue --
originally entitled "What If" and later renamed "The Wrong Coast"
-- "was done as a 'work-made-for-hire' and that AMCC is the
author and owner" of that work based on the "Certificate and

8

Assignment" executed by both plaintiff and AMCC (see Order Denying Motion for a Preliminary Injunction and Granting Motion to Transfer, dated April 5, 2004 ("Order"), at 6-7, annexed as Exhibit 7 to Socolow Decl.; Certificate and Assignment, dated February 5, 2003 ("Certificate and Assignment"), at 1, annexed as Exhibit A to the Declaration of Roger M. Arar, Esq. in Opposition to Motion for Preliminary Injunction, dated December 12, 2003 ("Arar Decl."), which, in turn, is annexed as Exhibit 1 to Socolow Decl.). Defendants contend that, in light of Judge Anderson's Order, plaintiff does not own the copyright of the material in question and, therefore, does not have standing to bring a claim for infringement under the Copyright Act.[1]

First, it is important to note that Judge Anderson's Order did not conclude that plaintiff had failed to state a claim of copyright infringement as a matter of law. Rather, the Order merely held that: "Because Plaintiff assigned whatever rights under the Copyright Act it may have had to AMCC, Plaintiff has failed to establish a probability of success on the merits . . . ." (Order at 6). Furthermore, it is well settled that "[a] decision on a preliminary injunction hearing does not conclu- sively decide issues of fact and a court, on a subsequent motion,

---

[1]Because Judge Anderson's Order transferred this action from the Central District of California to this District pursuant to 28 U.S.C. § 1404(a), the transferor Court's Order is part of this action and may properly be considered in connection with the present motion.

is not bound by its [or a transferor court's] former decision which applied preliminary injunction standards." <u>Krauth v. Executive Telecard, Ltd.</u>, 95 Civ. 3967 (RWS), 1996 WL 29420 at *12 (S.D.N.Y. Jan. 24, 1996), <u>citing</u> <u>Male v. Crossroads Assoc.</u>, 337 F. Supp. 1190, 1194 (S.D.N.Y. 1971), <u>aff'd</u>, 469 F.2d 616 (2d Cir. 1972) (collecting cases); <u>accord</u> <u>Univ. of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981) (explaining that the findings of fact and conclusions of law made by a court during a preliminary injunction motion "are not binding at a trial on the merits"); <u>Hamilton Watch Co. v. Benrus Watch Co.</u>, 206 F.2d 738, 742 (2d Cir. 1953). As a result, Judge Anderson's Order, alone, is not conclusive in deciding whether plaintiff's copyright infringement claim is subject to dismissal on the grounds of futility.

However, the express language of the "Certificate and Assignment" it is clear that "What If" was indeed a "work-made-for-hire" and that AMCC owns the work (<u>see</u> Certificate and Assignment at 1). Although not attached to the complaint, the "Certificate and Assignment" is properly considered on this motion because it is referenced throughout the complaint and the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral to the complaint." <u>Chambers v. Time Warner, Inc.</u>, <u>supra</u>, 282 F.3d at 152-53, <u>quoting</u> <u>Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.</u>, <u>supra</u>, 62 F.3d

at 72.  Here, the complaint repeatedly refers to the negotiation

of "a certificate of assignment and a side letter" (Compl. ¶¶ 35,

44-46), quotes to specific terms of the "Certificate and

Assignment" (Compl. ¶¶ 46-47),[2] and refers to the consideration

given for these agreements and their eventual execution (Compl.

¶¶ 44-49).  This is sufficient to render the Certificate and

Assignment integral to the complaint.  See, e.g., Sanders v.

Bressler, Amery & Ross, P.C., 03 CV 5283 (DRH)(WDW), 2006 WL

319303 at *2 (E.D.N.Y. Feb. 10, 2006), citing Cortec Indus., Inc.

v. Sum Holding L.P., supra, 949 F.2d at 47.

Based on the clear and unambiguous terms of the "Cer-

tificate and Assignment," AMCC owns the work at issue because

plaintiff assigned all of its "right, title and interest in and

to" the work to AMCC (see Certificate and Assignment at 1).  As a

result, plaintiff does not have standing to bring a claim for

copyright infringement because plaintiff was not the owner of the

work when the alleged copyright infringement took place.  See 17

U.S.C. § 501(b); ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944

---

[2]For example, plaintiff alleges that the Certificate and
Assignment "clearly indicates it is to be 'subject to the terms
and conditions of a production agreement to be negotiated in good
faith'" (Compl. ¶ 47).  However, plaintiff has failed to include
the balance of that provision, which states, in pertinent part:
"[I]t being understood and agreed that this Certificate and
Assignment shall be fully effective according to its terms upon
signature hereof, regardless of whether the [production]
Agreement has been entered into . . . " (Certificate and
Assignment at 1).

F.2d 971, 980 (2d Cir. 1991); <u>see also</u> <u>Kaplan Co., Inc. v.</u>
<u>Panaria Intern., Inc.</u>, 96 Civ. 7973 (HB), 1998 WL 603225 at *2
(S.D.N.Y. Sept. 11, 1998) ("To prevail in a copyright infringe-
ment action, a plaintiff must show both ownership of the copy-
right and copying by the defendant."), <u>citing</u> <u>Hasbro Bradley,</u>
<u>Inc. v. Sparkle Toys, Inc.</u>, 780 F.2d 189, 192 (2d Cir. 1985);
<u>Skor-Mor Prods., Inc. v. Sears, Roebuckand Co.</u>, 81 Civ. 1286
(CSH), 1982 WL 1264 at *3 (S.D.N.Y. May 12, 1982) ("An assignor
of a copyright has no standing to sue for acts of infringement
which occurred after execution of the assignment.").

     Accordingly, leave to file an amended complaint is
denied with prejudice with respect to plaintiff's copyright
infringement claim.

    B.   Plaintiff's Breach of
       Contract, Promissory Estoppel
       <u>Quantum Meruit and Quasi-Contract Claims</u>

    Prospective Defendant AMCC next argues that plaintiff's
breach of contract, promissory estoppel, quantum meruit and
quasi-contract claims, brought only against it, are also futile.
AMCC attacks each of these claims separately (Def. Mem. at 11-
15).

    As a threshold matter, although plaintiff has not
stated what state's law applies to this action, defendants cite
to both New York and California authority in support of their

arguments; these are the only states with any substantial connection to plaintiff's claims .  There is no need to engage in a choice of law analysis at this point, however, because the law of both jurisdictions appears to be the same on all relevant issues.

(1)  <u>Plaintiff's Breach of Contract Claim</u>

AMCC argues that the complaint fails to identify the specific contract which plaintiff contends was breached.  AMCC further argues that plaintiff will be unable to succeed on the merits of its claim because AMCC performed all of its obligations under the terms of the "Production Agreement" between plaintiff and AMCC, citing to the declaration of Robert Sorcher, a Senior Vice President at AMCC (Def. Mem. at 11-13; <u>see</u> <u>also</u> Declaration of Robert Sorcher in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, dated July 12, 2005 ("Sorcher Decl."), at ¶ 5).

With respect to AMCC's second argument, and as ex-plained above, the factual merit of the breach of contract claim is not properly considered when reviewing a motion to amend for futility.  Rather, a court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of plaintiff.  <u>See</u>, <u>e</u>.<u>g</u>., <u>Henneberry v. Sumitomo Corp. of America</u>, <u>supra</u>, 2006 WL 416395 at *4.  Unlike the "Certificate and

13

Assignment," the Socher declaration is not incorporated by reference or "integral to the complaint" and, therefore, cannot be considered.  See Chambers v. Time Warner, Inc., supra, 282 F.3d at 153  ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequi-site to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."), citing Cortec Indus., Inc. v. Sum Holding L.P., supra, 949 F.2d at 48.

In order to state a breach of contract claim, "a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  See Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996) (applying New York law); Westways World Travel v. AMR Corp., 182 F. Supp.2d 952, 963 (C.D. Cal. 2001) (outlining the similar elements of a breach of contract claim under California law).  Here, the complaint contains numerous allegations that AMC "agreed" or "promised" to do various things, that plaintiff performed as required, that AMC breached these promises and agreements and that plaintiff was harmed as a result of AMC's breach (Compl. ¶¶ 114-23).  These allegations are sufficient to state a claim for breach of con-tract under either New York or California law.

Furthermore, "there is no requirement in the Federal Rules of Civil Procedure that the details of a breach of contract

claim be pleaded with particularity.  Instead, the short, plain notice rule of Fed.R.Civ.P. 8 applies." Weiss v. La Suisse, 69 F. Supp.2d 449, 462 (S.D.N.Y. 1999).  Therefore, plaintiff's general averments to certain promises by AMC and agreements between the parties are sufficient to allege the first element of a breach of contract claim -- the existence of an agreement. See, e.g., Designers North Carpet, Inc. v. Mohawk Industries, Inc., 153 F. Supp.2d 193, 197 (E.D.N.Y. 2001) (denying a motion to dismiss a breach of contract claim where the plaintiff pro-vided a "short and plain statement" of the existence of certain agreements), citing Bridgeway Corp. v. Citibank, N.A., 132 F. Supp.2d 297, 304 (S.D.N.Y. 2001); Greater Buffalo Press, Inc. v. Harris Corp., CIV-85-1404E, 1988 WL 85943 at *1 (W.D.N.Y. Aug. 15, 1988) (denying a motion to dismiss a breach of contract claim where it was argued that the complaint failed "to allege specifi-cally the existence of any agreements").

Even if I was to construe defendants' argument as an attempt to raise the affirmative defense of payment, an affirma-tive defense may only be raised "by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); accord McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).  Because the defense of payment is not clear from the face

of the complaint, AMCC's payment argument cannot be considered at this time.

### (2)  Plaintiff's Promissory Estoppel Claim

AMCC next contends that plaintiff cannot bring a promissory estoppel claim based of the same promises relied on to support its breach of contract claim (Def. Mem at 13-14).  This argument is without merit at the pleading stage.  It is well-settled that parties may plead alternative theories of recovery pursuant to Fed.R.Civ.P. 8(e)(2).  See, e.g., DFP Mfg. Corp. v. Northrop Grumman Corp., 97-CV-4494, 1999 WL 33458384 at *8 (E.D.N.Y. Mar. 23, 1999) (denying a motion to dismiss and explaining that the alternative theories of promissory estoppel and breach of contract could coexist at the pleadings stage).  In addition, the authorities AMCC cites in support of its argument -- Hartford Fire Ins. Co. v. Federated Dept. Stores, Inc., 723 F. Supp. 976, 993 (S.D.N.Y. 1989) and Gilberd v. Dean Witter Reynolds, Inc., C 91-3254 (TEH), 1992 WL 880089 at *1 (N.D. Cal. Aug. 11, 1992) -- are inappropriate because both cases involved motions for summary judgment where extrinsic evidence can be considered.

AMCC further argues that plaintiff's promissory estoppel claim is defective because plaintiff "cannot show how it was injured by any promise made by AMCC," citing the Sorcher

declaration as evidence that plaintiff was paid $1.8 million dollars for the work at issue (Def. Mem. at 14; Sorcher Decl. ¶ 5). Again, when reviewing a complaint for futility, plaintiff does not need to "show" or prove the merits of its claims, and materials like the Sorcher declaration cannot properly be considered. The allegations in the complaint are taken as true and all reasonable inferences are drawn in plaintiff's favor. See, e.g., Henneberry v. Sumitomo Corp. of America, supra, 2006 WL 416395 at *4.

A promissory estoppel claim has the following elements: "'a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and injury sustained by the party asserting the estoppel by reason of his reliance.'" Spencer Trask Software & Info. Servs. LLC v. RPost Intern. Ltd., 383 F. Supp.2d 428, 448 (S.D.N.Y. 2003) (applying New York law), quoting Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co., 804 F.2d 787, 793 (2d Cir. 1986); Laks v. Coast Fed. Sav. & Loan Assn., 131 Cal. Rptr. 836, 839 (Cal. Ct. App. 1976) (applying California law). Although plaintiff's complaint is far from a model pleading, under the standards outlined above, plaintiff has sufficiently alleged that it suffered injury, i.e. pecuniary losses, as a result of AMCC's promises (Compl. ¶¶ 114-23). As a result, plaintiff's promissory estoppel claim cannot

be dismissed at the pleading stage based solely on the argument
that plaintiff failed to allege injury.

(c)  Plaintiff's Quantum Meruit
<u>and Quasi-Contract Claims</u>

AMCC next asserts that plaintiff's quantum meruit and
quasi-contract claims are also barred because they are based on
the same alleged promises which support plaintiff's breach of
contract claim (Def. Mem. at 14-15).  This argument, however, is
also misguided at the pleading stage.  <u>See</u>, <u>e.g.</u>, <u>Marcella v. ARP
Films, Inc.</u>, 778 F.2d 112, 117 (2d Cir. 1985) (noting that a
"plaintiff may quite properly submit" the alternative theories of
breach of contract and quantum meruit); <u>Diversified Carting, Inc.
v. City of New York</u>, 04 Civ. 9507 (HB), 2005 WL 1950135 at *10
(S.D.N.Y. Aug. 15, 2005) (denying a motion to dismiss and ex-
plaining that a plaintiff is permitted to plead breach of con-
tract and quantum meruit in the alternative); <u>DKR Capital, Inc.
v. AIG Intern. West Broadway Fund, Ltd.</u>, 03 Civ. 1568 (JGK), 2003
WL 22283836 at *5 (S.D.N.Y. Oct. 2, 2003) (same); <u>Berk v.
Tradewell, Inc.</u>, 01 Civ. 9035 (MBM), 01 Civ. 10068 (MBM), 2003 WL
21664679 at *8 (S.D.N.Y. July 16, 2003) ("Although [defendant] is
correct that plaintiffs are precluded from recovering under both
breach of contract and quantum meruit, they may plead both in the
alternative.").  <u>Accord</u> <u>Newman & Schwartz v. Asplundh Tree Expert
Co., Inc.</u>, 102 F.3d 660, 663 (2d Cir. 1996) (finding an unjust

18

enrichment claim properly pleaded in the alternative to a breach
of contract claim); <u>Net2Globe Intern., Inc. v. Time Warner</u>
<u>Telecom of New York</u>, 273 F. Supp.2d 436, 466 (S.D.N.Y. 2003)
(breach of contract and quasi-contract or unjust enrichment
claims were properly pleaded in the alternative); <u>Maalouf v.</u>
<u>Salomon Smith Barney, Inc.</u>, 02 Civ. 4770 (SAS), 2003 WL 1858153
at *7 (S.D.N.Y. Apr. 10, 2003) ("The fact that [plaintiff] may
only recover on one claim, either contract or quasi-contract,
certainly does not preclude him from pleading unjust enrichment
in the alternative.").

AMCC further contends that the complaint fails to
allege a necessary element of both plaintiff's quantum meruit and
quasi-contract claims -- that AMCC was unjustly enriched by
plaintiff's actions.  <u>See</u> <u>Thayer v. Dial Indus. Sales, Inc.</u>, 189
F. Supp.2d 81, 91 (S.D.N.Y. 2002) (applying New York law);
<u>Maglica v. Maglica</u>, 78 Cal. Rptr.2d 101, 104-05 (Cal. Ct. App.
1998) (applying California law).  Drawing all reasonable infer-
ences in plaintiff's favor, defendants argument is not borne out
by the allegations in the complaint.  For example, plaintiff
alleges that "AMC agreed to compensate plaintiff for [its] work
on The Wrong Coast, but has failed to pay for all costs, overages
and expenses" (Compl. ¶ 115).  Assuming the truth of these
allegations, as I must, plaintiff has alleged facts that poten-
tially giving rise to a claim of unjust enrichment.  Again, AMCC

19

offers the Sorcher declaration in support of its argument that it already paid plaintiff for the work at issue and that AMCC never made a profit from production of "The Wrong Coast" (Def. Mem. at 15; Sorcher Decl. ¶¶ 5, 8).  Such material, however, is not properly considered in resolving a motion to amend.

Accordingly, plaintiff's motion is granted with respect to plaintiff's breach of contract, promissory estoppel, quantum meruit and quasi-contract claims.

C.    Plaintiff's Lanham Act Claim

Next, defendants argue that plaintiff's Lanhan Act claim, which is premised on defendants' inaccurately labeling the "The Wrong Coast" as a Canadian rather than an American production and their failure to credit plaintiff as the show's "originator[], producer[] and creator[]," should be dismissed in light of the Supreme Court's decision in Dastar Corp v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003) (Def. Mem. at 15-16). In Dastar, the Court held that the Lanham Act does not apply to claims involving a failure to attribute or credit the origin of creative work.  Id. at 30-37.  Rather, such claims are cognizable under the Copyright Act and not the Lanham Act.  Id. at 33; see also Freeplay Music, Inc. v. Cox Radio, Inc., 409 F. Supp.2d 259, 263 (S.D.N.Y. 2005) ("The right to copy creative works, with or without attribution, is the domain of copyright, not of trademark

or unfair competition.  The failure to credit the true author of a copyrighted work is not a false designation of origin, but a violation of copyright."), citing Dastar Corp v. Twentieth Century Fox Film Corp., supra, 539 U.S. at 33; Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 392 F. Supp.2d 297, 313 (D. Conn. 2005) ("[T]he clear import of Dastar is that any protection for the misappropriation of [e.g., a television show's] content comes from the Copyright Act, not from the Lanham Act."); see also Smith v. New Line Cinema, 03 Civ. 5274 (DC), 2004 WL 2049232 at *4 (S.D.N.Y. Sept. 13, 2004) (dismissing a Lanham Act claim alleging failure to credit the true author of a screenplay based on Dastar); Carrol v. Kahn, 03 Civ. 0656, 2003 WL 22327299 at *5 (N.D.N.Y. Oct. 9, 2003) ("A Lanham Act claim based on Defendants' alleged failure to give Plaintiff proper credit as author and/or producer [of the film] . . . is foreclosed by Dastar .").

Accordingly, plaintiff cannot state a claim under the Lanham Act as a matter of law in light of Danstar and its progeny.  Thus, plaintiff's motion is denied respect to its Lanham Act claim.

D.  Plaintiff's Fraud Claim

Prospective Defendant AMCC also mounts a three-pronged attack on plaintiff's fraud claim, arguing that (1) plaintiff has failed to plead its allegations of fraud with the particularity

21

required under Fed.R.Civ.P. 9(b) because it does not identify who at AMCC made the allegedly false statements; (2) plaintiff is not permitted to recast its breach of contract claim as one sounding in fraud merely by alleging that AMCC did not intend to perform its contractual obligations, and (3), in any event, plaintiff cannot show that AMCC made false statements concerning a material fact (Def. Mem. at 16-19).

As to AMCC's first argument, Fed.R.Civ.P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In order a plead a fraud claim with the requisite particularity, the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993); accord In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69-70 (2d Cir. 2001); Acito v. IMCERA Group, Inc., supra, 47 F.3d at 51.

Here, however, plaintiff has not plead its fraud claim with the specificity required by Rule 9(b). Plaintiff fails to set forth the names of the AMCC employees or agents who made the alleged false statements, the dates on which these alleged false statements were made, or the location at which the alleged false statements were made (Compl. ¶¶ 132-38). Moreover, plaintiff

does not explain why the statements were fraudulent.  Unlike cases involving securities fraud and insider trading where some discovery may be necessary before plaintiff can fully state the specifics of its fraud claim, see, e.g., In re Global Crossing, Ltd. Secs. Litig., 02 Civ. 910 (GEL), 2005 WL 2990646 at *10 (S.D.N.Y. Nov. 7, 2005), plaintiff appears to base its averments on direct knowledge of the alleged misrepresentations.  As a result, plaintiff has not stated its fraud claim with the level of particularity called for by Rule 9(b).

As to AMCC's second and third arguments, AMCC again relies on plaintiff's alleged inability to sustain its fraud claim, citing the Arar and Sorcher declarations (see Arar Decl. ¶¶ 9-10; Sorcher Decl. ¶¶ 5, 8).  As repeatedly noted above, whether plaintiff can prove its claims is immaterial at this juncture.

With respect to AMCC's second argument, it is hornbook law that a plaintiff may plead alternative legal theories, even if the alternatives theory are contradictory.  See Fed.R.Civ.P. 8(e)(2); Kaplan v. Aspen Knolls Corp., 290 F. Supp.2d 335, 339 (E.D.N.Y. 2003), citing Aiken v. Nixon, 236 F. Supp.2d 211, 223 (N.D.N.Y. 2002), aff'd without published opinion, 80 Fed. Appx. 146 (2d Cir. 2003).  There is, however, a certain tension with respect to a claim for breach of contract and a fraud claim based on a theory that defendant did not intend to perform.  In

Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp.2d 609, 616

(S.D.N.Y. 2003), the Honorable Shira A. Scheindlin, United States

District Judge, explained:

> An action for fraud "cannot exist when the fraud claim arises out of the same facts as a breach of contract claim with the sole additional allegation that the defendant never intended to fulfill its express contractual obligations." PI, Inc. v. Quality Prods., Inc., 907 F. Supp. 752, 761 (S.D.N.Y. 1995). . . .
>
> However, it is also well settled that an "action for fraud can be maintained on the basis of allegations that a party made a collateral or extraneous misrepresentation that served as an inducement to the contract." PI, 907 F. Supp. at 761; see also International Cabletel, 978 F. Supp. at 487 (describing the "collateral or extraneous promise" rule as "widely adopted by state and federal courts"). Accordingly, although a plaintiff cannot disguise a breach of contract claim as a fraud claim, "a valid fraud claim may be premised on misrepresentations that were made before the formation of the contract and that induced the plaintiff to enter the contract." Cohen v. Koenig, 25 F.3d 1168, 1173 (2d Cir. 1994).
>
> The critical question, then, is whether [plaintiff] has alleged misrepresentations that were "collateral or extraneous" to [its] agreement with [defendant].

See also Miramax Film Corp. v. Abraham, 01 Civ. 5202 (GBD),

2003 WL 22832384 at *10-*14 (S.D.N.Y. Nov. 25, 2003) (dismissing

a plaintiff's fraud claim on a Rule 12(b)(6) motion on the basis

that it was "impermissibly duplicative" of plaintiff's breach of

contract claim).

Here, plaintiff's fraud and breach of contract claims

overlap.  This overlap is compounded by plaintiff's failure to

allege the existence of promises or representations that were collateral or extraneous to the contract.

Accordingly, plaintiff's motion to file an amended complaint with respect to plaintiff's fraud claim is denied.

E.   Plaintiff's Claim for Unfair Business
     Practices In Violation of California
     Business and Professions Code §§ 17200 et seq.

Prospective Defendants contend that plaintiff has not, and cannot, state a claim for unfair business practices in violation of California Business and Professions Code §§ 17200 et seq. (Def. Mem. at 19-20). Plaintiff's claim appears to be premised on the theory that, as a result of defendants alleged violation of the Lanham Act and the General Agreement on Tariffs and Trade (GATT), defendants' conduct falls within the purview of an unfair business practice under California Business and Professions Code §§ 17200 et seq. Such a theory is, however, fatally flawed.

First, "claims under California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1089-90 (9th Cir. 2005), petition for cert. filed, No. 05-967 (Jan. 30, 2006). Accordingly, because plaintiff cannot state a claim under the Lanham Act after the Supreme Court's decision in Dastar (see Section II.C, above), plaintiff also

cannot state a claim under the California Business and Professions Code §§ 17200 et seq. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp.2d 556, 565 (C.D. Cal. 2005) (explaining that "defective Lanham Act claims," and claims under California Business and Professions Code § 17200 claims "rise and fall together").

Second, to the extent that plaintiff's California Business and Professions Code §§ 17200 et seq. claim is premised on a violation of GATT, it also fails to state a claim because there is no private right of action under GATT. See Intercitrus, Ibertrade Commercial Corp. v. United States Dep't of Agric., CIV.A. 02-1061, 2002 WL 1870467 at *4 (E.D. Pa. Aug. 13, 2002), citing 19 U.S.C. §§ 3512(c)(1)(A) & (B); Bronco Wine Co. v. United States Dep't of Treasury, 997 F. Supp. 1309, 1317 (E.D. Cal. 1996).

Accordingly, plaintiff's motion is denied with respect to plaintiff's California Business and Professions Code §§ 17200 et seq. claim.

F.   Plaintiff's Intentional
     Interference with Contract Claim

In order to state a claim for intentional interference with contract,[3] plaintiff must allege:  "(1) a valid contract

---

[3]Although Count Six is entitled "Intentional Interference
                                          (continued...)

between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." In re Global Crossing, Ltd. Secs. Litig., 02 Civ. 910 (GEL), 03 Civ. 1185 (GEL), 2004 WL 725969 at *3 (S.D.N.Y. Apr. 2, 2004) (applying California law), citing Pacific Gas & Electric Co. v. Bear Stearns & Co., 791 P.2d 587, 589-90 (Cal. 1990); G.K.A. Beverage Corp. v. Honickman, 55 F.3d 762, 767 (2d Cir. 1995) (applying New York law), citing Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 612 N.E.2d 289, 292, 595 N.Y.S.2d 931, 934 (1993).

The Prospective Defendants argue that the complaint fails to allege that Blueprint Entertainment, Curious, Moving Parts or Cuppa Coffee had knowledge of the contract between plaintiff and AMCC or that these entities acted with the requisite intent.[4] The Prospective Defendants also make arguments directed to the merits of the claim which are improper at this stage (Def. Mem. at 20-21).

---

[3](...continued)
with Business Relations," the allegations in the complaint claim "intentional interference with contractual relations" (Compl. ¶ 151).

[4]The Prospective Defendants also argue that the claim is defective because it does not allege that defendants acted unlawfully. The claim, however, does not require that the defendants' conduct be independently tortious or illegal.

The substance of plaintiff's intentional interference with contract claim is as follows: "Blueprint Entertainment, Cuppa Coffee, Curious Pictures and Moving Parts Productions have intentionally interfered with the contractual relations between AMC and plaintiff by inducing AMC to accept illegal Canadian and Ontario subsidies" (Compl. ¶ 151). Contrary to the Prospective Defendants' arguments, the above allegations appear to address defendants' intent. However, the Prospective Defendants are correct that the complaint fails to allege whether or not the defendants had knowledge of the existence of a contract between plaintiff and AMCC. As a result, the claim is facially defective. See, e.g., Pani v. Empire Blue Cross Blue Shield, 93 Civ. 8215 (SHS), 1996 WL 734889 at *2 (S.D.N.Y. Dec. 23, 1996), aff'd, 152 F.3d 67 (2d Cir. 1998) (dismissing an intentional interference with contractual relations claim where plaintiff failed to allege defendant's knowledge of the contract as well as other essential elements of a claim).

Accordingly, plaintiff's motion is denied with respect to plaintiff's intentional interference with contract claim.

G.   Plaintiff's Slander Claim

Finally, defendants AMCC, Cablevision and Rainbow Media claim that plaintiff has failed to state a claim of slander as to them because the complaint does not state with particularity who

made the alleged defamatory statements or when or where such statements were published.

In order to state a claim of slander in federal court, a "plaintiff must allege facts that provide an adequate identification of the allegedly slanderous statements, the maker of the purported statements, when they were made, and to whom they were communicated." <u>Clark Consulting, Inc. v. Fin. Solutions Partners, LLC</u>, 05 Civ. 6296 (SAS), 2005 WL 3097892, *4 (S.D.N.Y. Nov. 17, 2005) (explaining that in federal court, as compared to New York State court, "[t]he Complaint need not contain the exact words that constitute slander.  Rather, the liberal pleading standard is 'satisfied by an adequate identification of the purported [slanderous] communication'"); <u>Ives v. Guilford Mills, Inc.</u>, 3 F. Supp.2d 191, 199 (N.D.N.Y. 1998) (same); <u>see</u> <u>also</u> <u>Tasso v. Platinum Guild Intern.</u>, 94 Civ. 8288 (LAP), 1997 WL 16066 at *2 (S.D.N.Y. Jan. 16, 1997) ("[I]t is well-settled that a plaintiff pleading a defamation claim in a diversity case in federal court need only meet the more liberal standard of Fed.R.Civ.P. 8(a)."), <u>citing</u> <u>Kelly v. Schmidberger</u>, 806 F.2d 44, 46 (2d Cir. 1986).  Here, plaintiff has provided an adequate identification of the purported slanderous statement by alleging that these defendants stated "specifically that plaintiff could not complete The Wrong Coast in a timely fashion" (Compl. ¶ 154). In addition, plaintiff has alleged that the statement was

communicated to "Mark Hamill and to others in the film and television industry" (Compl. ¶ 155). However, plaintiff has not fully complied with the pleading requirements for slander in that the complaint fails to allege who made these statements on behalf of defendant and when the statements were made.

Accordingly, plaintiff's motion is denied with respect to plaintiff's slander claim.

III. <u>Conclusion</u>

Accordingly, plaintiff's motion to file an amended complaint is granted only with respect to plaintiff's claims for breach of contract, promissory estoppel, quantum meruit and quasi-contract (collectively, Count Two).

With respect to plaintiff's claims for common law fraud (Count Four), intentional interference with business relations or contract (Count Six) and slander (Count Seven), plaintiff's motion is denied. Since plaintiff may be able to remedy the defects in these claims, the motion is denied with respect to these claims without prejudice.

Finally, plaintiff's motion is denied with respect to its claims for copyright infringement (Count One), violation of the Lanham Act (Count Three) and for unfair business practices pursuant to the California Business and Professions Code §§ 17200 <u>et</u> <u>seq</u>. (Count Five). Since the defects in these claims cannot

be remedied, the motion is denied with prejudice with respect to these claims.

Dated:  New York, New York
        March 31, 2006

                                SO ORDERED

                                _Henry Pitman_
                                HENRY PITMAN
                                United States Magistrate Judge


Copies transmitted to:

Joel D. Joseph, Esq.
Joseph & associates
7272 Wisconsin Avenue
Suite 300
Bethesda, Maryland  20814

Brian D. Socolow, Esq.
Eric S. Manne, Esq.
Loeb & Loeb, LLP
345 Park Avenue
New York, New York  10154-0037